## Pure Oil Pipe Line Co. *v.* Columbia Nat. Bank, Appellant.

*Banks and banking—Checks—Forgery—Loss of unsigned check —Notice of loss.*

1. A depositor of a bank, on ascertaining that an unsigned check was missing, owes no duty to the bank to give it notice of that fact.

2. If it appears that the check was stolen by an employee when it was only partially made out in typewriting, and the employee forged the name of the treasurer of the depositor, the fact that the employee was dismissed shortly after the disappearance of the check, for causes not connected with its disappearance, does not change the situation.

Argued October 10, 1922. Appeal, No. 73, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 2146, on verdict for plaintiff, in case of Pure Oil Pipe Line Co. v. Columbia National Bank of Pittsburgh. Before MOSCHZISKER, C. J., FRA-

ZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.
Affirmed.

Assumpsit for amount of check.   Before CARPENTER, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $4,259.92.   De-
fendant appealed.

*Error assigned,* inter alia, was portion of charge sub-
mitting to jury question of forgery only, quoting record.

*David E. Mitchell,* for appellant, cited: West Chester
& P. R. R. v. McElwee, 67 Pa. 311; Allen v. Twp., 9 Pa.
Superior Ct. 507.

*John W. Dunkle,* for appellee, cited: Robb v. Penna.
Co., 3 Pa. Superior Ct. 254; Houser v. Bank, 27 Pa. Su-
perior Ct. 613; United Security L. Ins. Co. v. Bank, 185
Pa. 586; McNeely Co. v. Bank, 221 Pa. 588; Marks v.
Bank, 252 Pa. 304.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:
On December 18, 1920, employees in plaintiff's office
prepared, ready for signature by the treasurer, a number
of checks drawn on defendant bank against plaintiff's
deposit, which, in the regular course of business, together
with bills and correspondence, were sent to plaintiff's
auditing department for examination and approval.
Among these was a check, the subject-matter of this dis-
pute, for the sum of $4,055.26, to the order of "Monroe
Bank, Woodsfield, Ohio."   Upon return of the checks
from the auditing department to the office of the treas-
urer for signature, the one in controversy was missing;
diligent search failing to find it, a new one, properly
signed, was forwarded to the payee and subsequently
presented to defendant bank and paid in the usual course
of business.   In the meantime the first check had been
taken from the others by A. J. Jastraub, an employee

in plaintiff's auditing department, whose duty was to examine and verify checks in connection with supporting papers authorizing payment and, if found correct, endorse thereon the name of the auditor. Jastraub retained the check in question, changed the name of the payee to "Monroe Banks, Woodland Avenue, Columbus, Ohio," and also forged the signature of plaintiff's treasurer to the paper. Later he opened a bank account in Columbus, Ohio, under the name of "Monroe Banks," in which account he subsequently deposited the forged check which was duly presented to and paid by defendant bank January 8, 1921, but not returned to plaintiff until February 1st following, in accordance with business practice to return cancelled checks on the first of each month. The forgery was then discovered by plaintiff and prompt notice given defendant, who denied liability for the loss and charged the check against plaintiff's deposit account. This action to recover the amount of the forged check followed. The facts being undisputed the trial judge instructed the jury that plaintiff was not chargeable with negligence in failing to notify defendant of the loss of the incompleted check and submitted the question of forgery for their determination. On verdict for plaintiff, defendant appealed, claiming the question whether plaintiff was negligent in failing to notify defendant to stop payment on the check at the time its loss was first discovered, should have been submitted to the jury.

The auditor's approval on checks was merely a matter of business routine in plaintiff's office. It was not a direction or authority to defendant to pay. Such authority was derived only through the signature of the treasurer, who, at the time the check was lost, had not attached his name. The fact that the name of the payee and other details were filled in with a typewriter, thus making an alteration comparatively easy, is immaterial under the particular facts of this case. Had the check been signed by the treasurer a different situation would

have been presented and, in that case, failure to give notice of its loss might well have warranted the conclusion that plaintiff failed to exercise reasonable precautions to protect defendant. The mere filling in, however, of the vacant spaces of the incomplete check did not render it easier for a third person to improperly use the check. In fact, the alterations were susceptible of being made with practically no less difficulty or danger of detection than had the check been wholly a blank form when taken by the employee instead of being partially completed. The single question is whether plaintiff, on ascertaining that an unsigned check was missing, owed defendant the duty of reporting to it that fact. In our opinion no such duty existed. There is no contention that Jastraub had authority to sign the treasurer's name to checks. Upon doing so he was guilty of a criminal act entirely outside the line of his employment and duty.

The fact that Jastraub was discharged a short time after the check disappeared, owing to plaintiff's dissatisfaction with his conduct and having discovered misstatements made by him with reference to his actions in and about the office, does not alter the situation. The circumstances resulting in his dismissal were not of a character tending to suggest to plaintiff that he might commit the serious crime of forgery and impose on plaintiff the duty of informing the bank of its suspicions. We find nothing in the case tending to relieve defendant of its duty under the law to pay out money of its depositors only on a check or order signed by the depositor or his duly authorized agent.

The judgment is affirmed.